UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAW STORY MEDIA, INC.,<br>ALTERNET MEDIA, INC.,           ) <br><br>    Plaintiffs,              ) <br><br>v.                                  ) <br><br>OPENAI INC. ET AL.,           ) <br><br>    Defendants.         ) | Case No. 1:24-cv-1514-CM-OTW<br><br>Hon. Colleen McMahon |

**RULE 26(f) REPORT**

The parties submit this Rule 26(f) report, following discussions on March 27, 2023, and additional subsequent discussions.

**A.    Overview**

Plaintiffs allege that Defendants violated 17 U.S.C. § 1202(b)(1) of the Digital Millennium Copyright Act in the course of creating and implementing training sets for their ChatGPT artificial intelligence products.  Section 1202(b)(1) applies when a party, without the authority of the copyright owner or the law, intentionally removes "title and other information identifying the work, including the information set forth on a notice of copyright," "name of, and other identifying information about, the author of a work," "name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," "terms and conditions for use of the work," "identifying numbers or symbols referring to such information or links to such information," or other "copyright management information" (as defined by 17 U.S.C. § 1202(c)) with knowledge or reasonable grounds to know that doing so will induce, enable, facilitate, or conceal copyright infringement or infringement of any other rights under Title 17 of the U.S. Code.  Plaintiffs seek statutory damages for each alleged violation.

**B.     Trial**

Plaintiffs have demanded a trial by jury.

**C.     Schedule**

**Joint Statement**

As described in the parties' individual statements below, the parties disagree about whether a case schedule should be entered at this time and whether discovery should be stayed until after the Court decides any motion to dismiss. However, in the event the Court enters a schedule and does not stay discovery, the parties jointly request the following schedule, which generally aligns with the schedule adopted in the three Consolidated Class Actions pending in this District before Judge Stein that involve the same OpenAI technology underlying Plaintiffs' claims: *Authors Guild et al. v. OpenAI Inc. et al*, No. 1:23-cv-8292-SHS; *Alter et al. v. Open AI, Inc*. et al.,1:23-cv-10211-SHS; and *Basbanes et al. v. Microsoft Corp. et al.*, 1:24-cv-00084-SHS.

- 26(a)(1) Disclosures: April 12, 2024
- Deadline to join parties or amend pleadings without leave: June 3, 2024
- Completion of fact and expert discovery: December 9, 2024
- Joint pretrial order: January 23, 2025

Plaintiffs are prepared to litigate this case in accordance with a six-month discovery period. Defendants have indicated, however, that they are unable to litigate this case on such a schedule in view of the anticipated scope of discovery. Primarily, Plaintiffs and Defendants anticipate that Plaintiff will seek information regarding the data used to train the ChatGPT artificial intelligence models. According to Defendants, providing that access will implicate unique technical and security complications. Defendants are concurrently working out how to address those

complications in the matters before Judge Stein described above. Plaintiffs are amenable to the schedule above so as to better ensure Defendants' ability to meet their discovery obligations.

**Defendants' Statement**

Defendants propose that the Court stay discovery and wait to enter a scheduling order until after deciding Defendants' anticipated forthcoming motion to dismiss, as a matter of judicial economy. In *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, C.A. No. 1:24-cv-01515-JSR, which involves similar allegations under Section 1202(b)(1) of the Digital Millennium Copyright Act, Judge Rakoff took an approach similar to what Defendants propose by staying discovery until after any motion to dismiss is decided.

Doing so in this case is likely to avoid unnecessarily expending party and judicial resources, as similar claims have been recently dismissed from a number of other actions. *See, e.g.*, *Doe 1 v. GitHub, Inc.*, No. 22-cv-06823, 2024 WL 235217, at *8–9 (N.D. Cal. Jan. 22, 2024) (dismissing all DMCA claims; holding that "the Court finds it unlikely that [the] deficiency could be cured by the allegation of additional facts;" but granting leave to amend "out of abundance of caution"); *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, 2024 WL 557720, at *4–5 (N.D. Cal. Feb. 12, 2024) (dismissing all DMCA claims; holding that allegation that training process removes CMI "by design" was conclusory and unsupported); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (dismissing all DMCA claims because there were "no facts to support" them); *Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2023 WL 7132064, at *11 (N.D. Cal. Oct. 30, 2023) (dismissing all DMCA claims for failure to "identify the particular types of [] CMI . . . removed or altered"). As a result of these rulings, some plaintiffs have now abandoned or decided not to pursue the Section 1202 liability theory. *See, e.g.*, Compl. in *Authors Guild v. OpenAI*, No. 23-cv-08292, Dkt. 1 (S.D.N.Y., filed Sept. 20, 2023) (omitting

DMCA claims); Compl. in *Alter v. OpenAI*, Inc., No. 23-cv-10211, Dkt. 1(S.D.N.Y., filed Nov. 21, 2023) (omitting DMCA claims); Amended Compl. in *In re ChatGPT Litigation*, No. 23-cv-03223, Dkt. 120 (N.D. Cal., filed Mar. 13, 2024) (dropping previously asserted DMCA claims); Amended Compl. in *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 64 (N.D. Cal. filed Dec. 11, 2023) (dropping previously asserted DMCA claims); *see also* Compl. ¶¶ 105–112 in *Huckabee v. Meta Platforms, Inc.*, No. 23-cv-09152, Dkt. 1 (S.D.N.Y., filed Oct. 17, 2023) (alleging DMCA claim); Am. Compl. in *Huckabee v. Meta Platforms, Inc.*, No. 23-cv-09152, Dkt. 74 (S.D.N.Y. filed Jan. 24, 2024) (dropping DMCA claim).

**Plaintiffs' Statement**

Defendants omit the context in which Judge Rakoff stayed discovery in *The Intercept* case. That decision was expressly conditioned on Defendants agreeing to file and brief a motion to dismiss on a highly accelerated schedule, and on Judge Rakoff's plan to rule on the motion by June 7, 2024. Judge Rakoff also made clear that if not dismissed, he expected to try the case before the end of 2024, but Defendants do not propose such a schedule here. To the contrary, Defendants have represented they are unable to meet even a six-month discovery schedule, which is longer than the discovery period that would be ordered in *The Intercept* case—a case that involves an additional defendant (Microsoft) and additional claims under Section 1202(b)(3)—if it is to be tried before the end of this year.

The cases on which Defendants rely in suggesting that the Court is likely to dismiss Plaintiffs' claims are not persuasive, and some suggest that dismissal is unlikely to be granted, certainly not dismissal with prejudice. None of the cases were decided under the law of this District or Circuit. In *Doe 1 v. GitHub*, motions to dismiss were first ***denied*** as to most DMCA claims, then later granted only because the claims that were based on removal of CMI in

Defendants' chat-response outputs (as opposed to the copies made for Defendants' training sets as alleged here), and with leave to replead. No. 22-cv-06823 (N.D. Cal.), ECF No. 95, at 21; *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217, at *8 (N.D. Cal. Jan. 22, 2024). *See* Complaint, ECF No. 1 at ¶¶ 49-51 (pleading claims based on inclusion of works with CMI removed in Defendants' training sets). In *Andersen v. Stability AI Ltd.*, unlike here, the plaintiff failed to allege the specific CMI that was removed. No. 23-cv-00201, 2023 WL 7132064, at *11 (N.D. Cal. Oct. 30, 2023) (dismissing all DMCA claims for failure to "identify the particular types of [] CMI . . . removed or altered"). *See* Complaint, ECF No. 1, at ¶¶ 49-51. And in *Tremblay v. OpenAI*, the court distinguished the barebones claims before it with the claims that survived dismissal in *GitHub*. No. 23-CV-03223-AMO, 2024 WL 557720, at *4 (N.D. Cal. Feb. 12, 2024). *See* Complaint, ECF No. 1, at ¶¶ 37-39. Plaintiffs also note that while some plaintiffs have apparently elected not to pursue their DMCA claims for unknown reasons, the issue remains live in the *New York Times* litigation, where Defendants' motion to dismiss is currently being briefed.

Finally, even if Defendants' motion to dismiss were granted, Plaintiffs anticipate filing an amended complaint to address any deficiencies the Court finds. *See, e.g.*, *Seidler v. JPMorgan Chase Bank, N.A.*, No. 1:23-CV-01462-GHW-VF, 2024 WL 343299, at *1 (S.D.N.Y. Jan. 30, 2024) ("The Court recognizes that it 'is the usual practice upon granting a motion to dismiss to allow leave to replead.'"). Thus, proceeding with discovery during the pendency of Defendants' motion to dismiss will advance the case forward.

### D.     Discovery Plan

The parties do not seek any modifications from the default discovery provisions under the Federal and local rules and the Court's individual rules, including its ESI rules.

The parties anticipate discovery on the following subjects: (1) identification of the universe of Plaintiffs' works in suit; (2) whether Plaintiffs' purported copyrighted works were actually used

to train the large language models at issue; (3) whether and how the alleged inclusion of Plaintiffs' works in the training data results in copying of those works; (4) whether Plaintiffs included copyright management information ("CMI") in Plaintiffs' works; (5) whether that alleged CMI was intentionally removed with reasonable grounds to know that such removal will induce, enable, facilitate, or conceal an infringement of copyright; (6) whether the alleged CMI was intentionally removed from model outputs with reasonable grounds to know that such removal will induce, enable, facilitate, or conceal an infringement of copyright; (7) third-party content discussing or reporting on the same subject matter as Plaintiffs' works; (8) the availability of third-party content that is similar to or describes Plaintiffs' works; and (9) the availability or good-faith reliance on various subsidiary defenses to infringement, thereby negating any scienter in connection with the training and operation of the model, including but not limited to, fair use, substantial noninfringing uses, scènes à faire, 17 U.S.C. § 102(b), 17 U.S.C. § 512 (a)-(d), and de minimis copying.

Dated:  April 10, 2024

                                             RESPECTFULLY SUBMITTED,

                                             */s/ Matthew V. Topic*

                                             Jonathan Loevy, *pro hac vice*
                                             Michael Kanovitz, *pro hac vice*
                                             Lauren Carbajal, *pro hac vice*
                                             Stephen Stich Match (No. 5567854)
                                             Matthew Topic, *pro hac vice*

                                             LOEVY & LOEVY
                                             311 North Aberdeen, 3rd Floor
                                             Chicago, IL 60607
                                             312-243-5900
                                             jon@loevy.com
                                             mike@loevy.com
                                             carbajal@loevy.com
                                             match@loevy.com
                                             matt@loevy.com

ai@loevy.com

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP

By: */s/ Allison L. Stillman*
LATHAM & WATKINS LLP
Joseph R. Wetzel
joseph.wetzel@lw.com
Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
alli.stillman@lw.com
Luke A. Budiardjo
luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

MORRISON & FOERSTER LLP

By: */s/ Allyson R. Bennett*
MORRISON & FOERSTER LLP
Joseph C. Gratz (*pro hac vice*)

JGratz@mofo.com
Vera Ranieri (*pro hac vice*)
VRanieri@mofo.com
425 Market Street
San Francisco, CA  94105
Telephone:  415.268.7000

Allyson R. Bennett (*pro hac vice*)
ABennett@mofo.com
Rose Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 213.892.5355

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC