UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAW STORY MEDIA, INC., ALTERNET MEDIA, INC., <br><br>Plaintiffs, <br><br>v. <br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br>Defendants. | No. 1:24-cv-01514-CM |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs respectfully move for leave to file a short sur-reply to respond to new arguments made in Section II.A.2 of Defendants' reply in support of their motion to dismiss.

Defendants moved to dismiss this case under Rule 12(b)(1) for lack of standing (as well as under Rule 12(b)(6)). One core standing issue is whether Plaintiffs' injuries are "concrete" under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). As the parties agree, that analysis requires analogizing Plaintiffs' asserted injuries to those that have been recognized historically or at common law. *See* Def. Memo at 5, ECF No. 68Pl. Memo. at 5, ECF No. 70.

In their motion to dismiss, Defendants argued that "unless Plaintiffs plausibly allege that these copies [of their copyright-protected works with copyright management information removed] were somehow actually shared with a third party, that injury is not sufficiently concrete for Article III standing." Def. Memo., ECF No. 68, at 7. In doing so, Defendants argued that the proper analogy was the same defamation-type injury as in the *TransUnion* case on which

Defendants relied, which Defendants argued to require dissemination of Plaintiffs' protected works with CMI removed. *Id.* at 5-7. Plaintiffs responded by attacking the analogy to defamation and its dissemination requirement and argued that the proper analogy was copyright infringement and interference with property, which does not require dissemination. Pl. Memo., ECF No. 70, at 5-9.

In their reply, Defendants modified their argument, claiming for the first time that "Section 1202(b) is about attribution." Def. Reply, ECF No. 71, at 3-6. Indeed, the word "attribution" appears only once in Defendants' opening brief, in an unrelated context. Def. Memo. at 11. Thus, Plaintiffs had no occasion in their response brief to address Defendants' new argument that attribution-based injuries are the relevant analogy for purposes of Article III standing, or the authorities Defendants cited in purported support of that argument.

Given the centrality of this issue to standing, Plaintiffs respectfully move for leave to address this argument via a short sur-reply.[1] Sur-replies are generally permitted "when they address arguments raised for the first time in a reply brief," unless those reply arguments "merely respond to points raised in opposition to the underlying motion." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19CV1290ERBCM, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022) (internal citation and quotation omitted). Had Defendants simply argued why copyright infringement is not the proper analogy for standing purposes, Plaintiffs would not be bringing this motion. But Defendants went further: they argued that a different type of analogy was correct—

---

[1] While a motion to strike is often the reaction to a new argument in a reply brief, since this issue goes to the Court's jurisdiction, Plaintiffs assume the Court would prefer to consider it. If the Court's is unpersuaded by Defendants' attribution analogy, the Court could also reject the argument on the merits and deny this motion as moot.

an analogy that they did not raise in their opening motion. Plaintiffs simply ask for the opportunity to address the merits of that purported analogy.

Counsel have conferred and Defendants have indicated their objection.

*/s/ Matthew Topic*

Jonathan Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com

*Counsel for Plaintiffs*

Dated: May 23, 2024