UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RAW STORY MEDIA, Inc., ALTERNET MEDIA, INC.,

           Plaintiffs,

vs.

24 Civ. 01514

OPENAI, INC., OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, and OPENAI
HOLDINGS, LLC,
           Defendants.

------------------------------------------------------------x

## DECISION AND ORDER

McMahon, J.:

This is a continuation of the action brought by Plaintiffs Raw Story Media, Inc. and AlterNet Media, Inc. (collectively "Plaintiffs") against OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco LLC, OpenAI Global LLC, and OpenAI Holdings, LLC (collectively, "Defendants" or "OpenAI"), pursuant to the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1201 *et seq*.

Plaintiffs Raw Story Media, Inc. and AlterNet Media, Inc. allege that "thousands" of their copyright-protected works of journalism were stripped of their copyright management information (CMI), input into at least three of OpenAI's training sets (WebText, WebText2, and Common Crawl), which were then used to train ChatGPT in violation of Section 1202(b)(i) of the DMCA. Dkt. No. 1, ¶¶ 14, 24, 29.

1

On November 7, 2024, I granted OpenAI's motion to dismiss Plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(1), holding that Plaintiffs had not alleged an injury-in-fact sufficient to confer standing. Dkt. No. 117.

Plaintiffs have moved for leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2), or in the alternative, for leave to continue taking jurisdictional discovery.

For the reasons below, Plaintiffs' motion is DENIED.[1]

\* \* \*

"No concrete harm, no standing." *TransUnion LLC v. Ramirez*. 594 U.S. 413, 417, 442 (2021). This the Supreme Court wrote not once—but twice in *TransUnion*. "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including...reputational harm." *Id.* at 417. The allegations added to Plaintiffs' Proposed First Amended Complaint do not confer standing on Plaintiffs to pursue either damages or injunctive relief.

As to Plaintiffs' claim for damages, Plaintiffs assert the *same* injury in their Proposed First Amended Complaint as they did in their initial complaint. The "asserted injury" is still the unauthorized removal of CMI from their copyright-protected work. Plaintiffs still do not plausibly allege that a copy of their work from which the CMI has actually been removed has been disseminated by ChatGPT to anyone in response to any specific inquiry.

---

[1] I am aware that this case is among a group of cases that are being transferred to my colleague, The Hon. Sidney Stein, by the Judicial Panel on Multi-District Litigation (MDL). To the best of my knowledge the MDL Panel's order has not yet been filed, so the case remains on my docket. I have spoken with Judge Stein, and advised him that we were about to issue this opinion. He asked that I do so if the decision would be completed prior to the moment when the case was transferred to him. Given that the pending motion is a motion for leave to amend following my dismissal of the complaint, it is particularly appropriate that I finish my work.

2

Plaintiffs principally add details on the technical process by which OpenAI uploaded Plaintiffs' copyright-protected works into their training sets—a process that was internal to OpenAI. These additional allegations do not render Plaintiffs' asserted harm more concrete. If Plaintiffs believe that I got it wrong in my previous order, and that my esteemed colleague Judge Rakoff got it right—that Plaintiffs' asserted injury does have a "close historical or common-law analogue" and that analogue is copyright infringement, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 24-CV-1515 (JSR), 2025 WL 556019 (S.D.N.Y. Feb. 20, 2025)—then this motion is not the place to make that argument. Seek review before Second Circuit.

Plaintiffs' alternate analogue of unjust enrichment is further from the mark. Their argument, as far as I understand it, is that by stripping Plaintiffs' CMI before uploading articles into ChatGPT, OpenAI saved itself the time, manhours, expertise and other costs that would have been required to *better* train ChatGPT to omit CMI when outputting an answer that integrated—but did not plagiarize—Plaintiffs' work. Plaintiffs do not explain how either the benefit or the expense of those costs would have found its way to or from Plaintiffs' pockets. As such, I don't find this to be the historical analogue for Plaintiffs' asserted injury.

Turning to the next issue, Plaintiffs still lack standing for injunctive relief. This was going to be a tall order. "Given the quantity of information contained in the repository [of ChatGPT], the likelihood that ChatGPT would output plagiarized content from one of Plaintiffs' articles seems remote." Dkt. No. 117, at 9. Instead of adding new evidence of any content output by ChatGPT that was plagiarized from Plaintiffs' works, Plaintiffs have amended their complaint to include the allegations of plagiarism made by *other* litigants in *other* ongoing lawsuits against OpenAI. Dkt. No. 118, ¶¶ 65, 67-68. While these allegations may move the needle, they are insufficient to meet

3

the high threshold of "certainly impending" injury or "substantial risk" that the harm will occur. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014).

For the very same reason, I will not grant Plaintiffs' request to proceed with jurisdictional discovery. Plaintiffs are looking for a needle in a haystack. "A plaintiff is not... entitled to jurisdictional discovery if it cannot show that the requested discovery is likely to produce the facts needed to withstand a Rule 12(b)(1) motion. *Molchatsky v. U.S.*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011) (internal quotations and citations omitted).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Amend the Complaint, or in the Alternative, to Continue Taking Jurisdictional Discovery is DENIED.

This constitutes a written opinion. The Clerk is directed to remove the motions at Dkt. No. 118 from the Court's list of open motions.

Dated: April 3, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL