UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:                                            :     25-md-3143 (SHS) (OTW)

OPENAI, INC.,                                     :
COPYRIGHT INFRINGEMENT LITIGATION                       CASE MANAGEMENT
                                                  :     ORDER NO. 1

This Document Relates To:                         :

All Actions                                       :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") has transferred to this Court for consolidated pretrial proceedings twelve lawsuits, listed in Schedule A, "arising from allegations that OpenAI and Microsoft used copyrighted works, without consent or compensation, to train their large language models (LLMs)." (Transfer Order, ECF No. 1, at 2.) The Court assumes the parties' familiarity with the Transfer Order of the JPML and the facts underlying the transferred actions. To promote "the convenience of the parties and witnesses" and "the just and efficient conduct of this litigation" (*id.* at 1–2) it is hereby ORDERED, consistent with the proposed new Rule 16.1 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 16.1 (proposed Apr. 23, 2025):

## I. Initial Case Management Conference

The initial case management conference to develop an initial plan for the orderly pretrial activity in these proceedings will be held at **10 A.M. on Thursday, May 22, 2025 in Courtroom 23A, United States Courthouse, 500 Pearl Street, New York, NY 10007.** Each party represented by counsel shall appear at the initial management conference through the attorney who will have primary responsibility for that party's interest in this litigation.

## II. Filing of Documents

All orders, pleadings, motions, and other documents served or filed in 25-md-3143 shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:                                          :     25-md-3143 (SHS) (OTW)

OPENAI, INC.,                                   :
COPYRIGHT INFRINGEMENT LITIGATION
                                                :

This Document Relates To:                       :

["All Actions" or specify the individual        :
applicable case number(s) if the document
relates to fewer than all of the MDL actions.]  :
------------------------------------------------------------x
```

All papers filed in any of the cases under 25-md-3143 are to be filed on (1) the MDL docket and (2) the docket of each individual case to which the filing pertains, as identified in the case caption. Where two or more actions have been consolidated, the case caption need only identify, and the document need only be filed in, the lowest numbered case of the consolidated cases. Similarly, when documents relate to "All Actions," they should be filed only in the lowest number case of the respective consolidated actions within the MDL.

### III.   Pre-Conference Submissions

Plaintiffs and defendants shall file a single report in accord with proposed new Rule 16.1 **on or before Friday, May 16, 2025** covering the following topics:

    A.    *The appointment of leadership counsel.* The Court presently intends to appoint leadership counsel for plaintiffs from among counsel who have filed an action in this litigation. The duties of leadership counsel are enumerated in the Manual for Complex Litigation Fourth, section 10.22. To inform the Court's selection, the parties shall submit their views on:

        1. The necessity and desirability (or lack thereof) of lead and/or liaison counsel (collectively "leadership counsel");

        2. The necessity and desirability (or lack thereof) of a steering committee; and

        3. If leadership counsel is necessary and desired,

            a. How leadership counsel should be structured—i.e., whether a single set of lead counsel and liaison counsel should be

2

      appointed for all plaintiffs or whether multiple sets are necessary or prudent;

    b. The best process for selecting leadership counsel—i.e., through open applications, nominations, agreement, or some other process—including a proposed schedule for this process;

    c. The responsibilities and authority of leadership counsel in conducting pretrial activities, including any role in facilitating resolution of the MDL proceedings;

    d. The proposed methods for leadership counsel to regularly communicate with and report to the Court and non-leadership counsel;

    e. Any proposed limits on activity by non-leadership counsel; and

    f. Whether and when to establish a means for compensating leadership counsel.

B. ***A brief statement of the nature of each action.*** This statement shall include the case name, the date the action was commenced, the plaintiffs, the defendants, the claims and defenses asserted, and a short summary of the status of the case, including:

    1. Any proceedings, to date, including resolved and pending motions (but not including resolved discovery disputes);

    2. A very brief, high-level summary of any current discovery disputes;

    3. All current discovery deadlines, and if necessary, proposed extensions of discovery deadlines, as well as proposed class discovery deadlines;

    4. Any pretrial motions likely to be brought; and

    5. Whether the Court should consider any measures, including mediation or arbitration, to facilitate resolving some or all actions before the Court.

C. ***Settlement discussions.*** A summary of each action's history of settlement discussions, if any.

D. ***Consolidation.*** The parties' views on whether consolidated pleadings should be prepared and filed.

E. ***Related actions.*** A list identifying whether related actions have been, or are expected to be, filed in other courts, and any procedures for identifying any such actions in the future and facilitating their transfer to this Court.

F.   *A proposed agenda.* A proposed agenda for the initial conference to maximize efficiency.

G.   *Parties and affiliates.* A list of each party and all corporate affiliates of each party, including parents, subsidiaries, and affiliates, to assist the Court in identifying any problems of recusal or disqualification.

H.   *Additional content.* Any other matter the parties wish to bring to the Court's attention.

## IV. Interim Measures

All deadlines in each action in this MDL, including defendants' time to respond to any of the complaints and all discovery deadlines, are stayed pending the Initial Case Management Conference. This stay of discovery deadlines should not be construed as a stay of conducting discovery, however, and the parties may continue to voluntarily produce documents pending any revised case management order by this Court. Any orders, including protective orders, previously entered by any transferor court shall remain in full force and effect unless and until modified by this Court upon application. All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Until the parties reach an agreement on a preservation plan for all actions or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.[1]

The parties shall not file any motion under Rule 11, Rule 37, or Rule 56 without leave of court, and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

Dated: New York, New York
April 30, 2025

SO ORDERED:

_Sidney H. Stein_
Sidney H. Stein, U.S.D.J.

---

[1] If there is currently a dispute about the scope or degree of preservation of output log data, the parties should identify the dispute in the Report. This Order does not resolve or address any such dispute.

## SCHEDULE A

Authors Guild, et al. v. OpenAI, Inc., et al., 23-cv-08292

Alter, et al. v. OpenAI, Inc., et al., 23-cv-10211

The New York Times Company v. Microsoft Corporation, et al., 23-cv-11195

Basbanes, et al. v. Microsoft Corporation, et al., 24-cv-00084

Raw Story Media, Inc., et al. v. OpenAI, Inc., et al., 24-cv-01514

The Intercept Media, Inc. v. OpenAI, Inc., et al., 24-cv-01515

Daily News LP, et al. v. Microsoft Corporation, et al., 24-cv-03285

The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al., 24-cv-04872

Chabon, et al. v. OpenAI, Inc., et al., 25-cv-03291

Millette v. OpenAI, Inc., et al., 25-cv-03297

Tremblay, et al. v. OpenAI, Inc., et al., 25-cv-03482

Silverman, et al. v. OpenAI, Inc., et al., 25-cv-03483