UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------- X
                                                           :
IN RE:                                                     :
                                                           :
OPEN AI, INC.,                                             :  No. 25-md-31433 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION                          :
                                                           :
This Document Relates To:                                  :
                                                           :
All Actions                                                :
---------------------------------------------------------- X
```

### DECLARATION OF MAILE YEATS-ROWE IN SUPPORT OF OPENAI DEFENDANTS' LETTER MOTION TO SEAL

I, Maile Yeats-Rowe, hereby declare as follows:

1. I am Senior Litigation Counsel at OpenAI. I submit this declaration in support of OpenAI Defendants' letter motion to seal, filed concurrently herewith. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. I have been informed that because OpenAI's OpenAI's Supplemental Letter re Request to Adopt Defendants' Proposed Protective Order is not a "judicial document[]" under *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 100 (2d Cir. 2006), but rather a discovery-related document, the "presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *see Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *Rand v. Travelers Indem. Co.,* No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (court not required to articulate compelling reasons to seal for material in non-dispositive motions).

3.  I have been informed and understand that OpenAI confidential material has been designated by OpenAI as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the News case's protective order. I submit this declaration in support of redacting certain information, as marked in highlighting in the contemporaneously filed copy of OpenAI's Supplemental Letter and in the specific supporting documents discussed below.

4.  OpenAI treats agreements with its business partners, especially as they relate to quotes, descriptions of its technology and business, or strategic decisions, as confidential or highly confidential given the highly competitive nature of the artificial intelligence industry. OpenAI generally does not publicly disclose the terms of these business relationships to prevent competitive harm to OpenAI. Moreover, OpenAI and certain partners have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships, including the existence of the agreement itself. Public disclosure of these agreements would cause competitive harm to OpenAI and could cause violation of OpenAI's confidentiality agreements. OpenAI seeks to file under seal one such agreement with a confidentiality provision contained in Exhibit A to the Declaration of Michael Trinh filed concurrently with OpenAI's Supplemental Letter re Request to Adopt Defendants' Proposed Protective Order. OpenAI also seeks to redact the referencing portions of the Supplemental Letter.

5.  OpenAI's request is narrowly tailored. Wherever practical, OpenAI is only seeking to redact selected portions of the parties' briefs and exhibits, leaving the balance unredacted and open to the public.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of June 2025, in San Francisco, California.

Maile Yeats-Rowe
Senior Litigation Counsel
OpenAI